SMITH-LEE Co., INC., and JOHN SLEETH, as Former Sheriff of the County of Onondaga, Respondents, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY,

Appellant.—Appeal from a judgment granted July 31, 1936, after a trial by the court. A life insurance policy was issued by the defendant to Walter L. Chaplin on August 13, 1924, in the sum of $20,000 with an annual premium of $611. Chaplin was the general manager of the plaintiff, Smith-Lee Co., Inc., and had embezzled funds in excess of $100,000 from his employer. Thereupon he absconded. The employer brought an action against Chaplin, attached his property, and subsequently obtained a judgment for more than $137,000. The property attached included the policy in question, and Chaplin's rights thereunder. The beneficiary named in the policy had died. A substantial amount of " dividends " had accumulated under the policy, and they were in the hands of the insurance company. Also it had a cash surrender value. The company used a large part of the dividends in paying premiums on the policy after Chaplin went away and defaulted. The insurance company claims it made these payments in the exercise of its right to do so by the terms of the policy. The plaintiff contends that the insurance company had no right to use the dividends thus accumulated to pay the premiums, and also that the plaintiff had the right to recover these and the cash value of the policy as of the time when default occurred. The policy contained " Distribution options," and provided for the annual distribution of divisible surplus, commonly called dividends, under options a, b, c and d. In his application for the policy Mr. Chaplin selected option c. That option, in part, read: " Left on deposit with the company to accumulate interest * * * payable with the policy or withdrawable in cash on demand by the holder." This option was never withdrawn or changed. Accordingly all of the accumulated dividends were the property of Chaplin at the time the default occurred, and the insurance company was without authority to make any disposition thereof and when it used these moneys to pay premiums it misapplied the funds belonging to the estate of Chaplin. The insurance company construed another part of option c to the effect that if any premium remained due at the expiration of the grace period the company could apply the deposit of dividends to the premium due. The provision is subject to the contrary interpretation. Accordingly, the policy having been written by the defendant, will be construed strictly against it. Judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.